# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| DORIS ANN THOMAS | * | CIVIL ACTION NO. 07-1045 |
|---|---|---|
| VERSUS | * | |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment. For reasons assigned below, the decision of the Commissioner is **AFFIRMED**, and this matter **DISMISSED** with prejudice.

## Background & Procedural History

Doris Ann Thomas protectively filed the instant application for Title XVI Supplemental Security Income payments on January 23, 2003. (Tr. 52-55).[1] She alleged disability since June 1, 1996, due to bad disks in her neck and back; shoulder, arm, and leg pain; high blood pressure; angina; osteoarthritis; rheumatoid arthritis; and neuropathy. (Tr. 53, 70).[2] The claim was denied

---

[1] Thomas filed prior applications for Title II Disability Insurance Benefits and Supplemental Security Income payments in March 1997 and August 25, 2000. (*See*, Tr. 24). The latter application was denied by an Administrative Law Judge ("ALJ") on August 29, 2002. (Tr. 24-31).

[2] The ALJ amended Thomas's disability onset date to August 30, 2002, – the day after the ALJ denial of plaintiff's prior claim. (Tr. 10).

at the initial stage of the administrative process. (Tr. 34, 43-47). Thereafter, Thomas requested and received a July 20, 2004, hearing before an ALJ. (Tr. 157-177). However, in a September 17, 2004, written decision, the ALJ determined that Thomas was not disabled under the Social Security Act. (Tr. 7-16). Thomas appealed the adverse decision to the Appeals Council. On December 22, 2004, the Appeals Council denied Thomas's request for review. (Tr. 3-5).

On February 11, 2005, Thomas sought review before this court. *Thomas v. Commissioner, Social Security Administration*, Civil Action Number 05-0280 (W.D. La.). On December 27, 2005, Magistrate Judge Hornsby reversed and remanded the case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Tr. 207-213). Upon remand from the district court, the Appeals Council remanded the matter to an ALJ for further proceedings. (Tr. 215-216).[3]

A new ALJ held another hearing on October 31, 2006. (Tr. 355-368). However, in a January 24, 2007, written decision, the ALJ determined that Thomas was not disabled under the Social Security Act, finding at Step Four of the sequential evaluation process that she was able to return to her past relevant work as a regulatory analyst. (Tr. 186-196). Thomas appealed the adverse decision to the Appeals Council, and on April 14, 2007, the Appeals Council denied Thomas's request for review; thus, the ALJ's decision became the final decision of the Commissioner. (Tr. 178-180).

On June 18, 2007, Thomas again sought review before this court. She contends that the

---

[3] While the case was pending in federal court, Thomas filed another application for Supplemental Security Income payments on February 24, 2005. (Tr. 227-229). The claim was denied at the initial stage of the administrative process. (Tr. 214-217-220). The Commissioner associated the February 24, 2005, claim with the remanded January 23, 2003, claim. (Tr. 189).

ALJ's residual functional capacity assessment is not supported by substantial evidence.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The Act defines a disability as the

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## **Analysis**

The ALJ determined at Step Two of the sequential evaluation process that Thomas suffers from severe impairments of obesity, insulin dependent diabetes mellitus, osteoarthritis, and history of angina. (Tr. 192). He concluded, however, that these impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process. (Tr. 194). The ALJ then determined that Thomas retained the residual functional capacity to perform a wide range of light work, reduced by an inability to crouch and crawl. (Tr. 194).[4]

---

[4] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

Magistrate Judge Hornsby reversed and remanded this matter previously because the ALJ's residual functional capacity assessment was not supported by substantial evidence.[5] Accordingly, upon remand, the Commissioner sent plaintiff for a July 22, 2006, physical examination with Sean Troxclair, M.D. (Tr. 294-298). During the examination, Thomas reported that she was unable to work due to constant, achy pain. *Id*. However, she denied knee, thigh, and shoulder pain. *Id*. She also denied sensory loss or dysfunction, depression, or anxiety. *Id*. There was no muscle asymmetry, atrophy, or involuntary movements. *Id*. She demonstrated a normal gait, was able to rise from a sitting position without assistance, stand on tiptoes, heels, and tandem walk without problems. *Id*. Bending and squatting were impaired, however. *Id*. Her grip strength was 5/5, with adequate fine movements, dexterity, and the ability to grasp objects bilaterally. *Id*. Her range of motion was normal in all extremities. (Tr. 297-298).

Troxclair diagnosed osteoarthritis, hypertension, and neuropathy. *Id*. Other than the inability to bend or squat, he saw no reason why she could not work. *Id*.[6] He opined that she could sit, walk, and/or stand for a full workday, lift/carry objects of at least 20 pounds, hold a conversation, respond appropriately to questions, and carry out and remember instructions. *Id*. In conjunction with his examination, Troxclair completed a medical source statement which indicated no limitations in her ability to lift/carry, stand, walk, sit, push and/or pull. (Tr. 299-302). Although she could not crouch or crawl, she could frequently balance, and occasionally perform all other postural activities. *Id*. She could frequently reach, handle, finger, and feel. *Id*.

---

[5] As Magistrate Judge Hornsby put it, the ALJ's decision was not supported by substantial evidence, it was supported by "substantial speculation." (Tr. 212).

[6] Two other physicians examined Thomas during the relevant period and likewise discerned no impairment that would prevent her from working. (Tr. 140-141, 280-283).

No other limitations were indicated. *Id*.

Plaintiff also underwent an October 16, 2006, functional capacity evaluation conducted by physical therapist, Steve Allison. (Tr. 330-354). Allison observed that Thomas's pain symptoms and perceived disability were generally unreliable and inconsistent with the objective medical evidence. *Id*. Allison remarked that this could be due to malingering, abnormal illness behavior, psychological disorders, test anxiety, and fear of symptom exacerbation. *Id*. Nonetheless, he concluded that Thomas could frequently sit, and occasionally stand or walk. *Id*. She could occasionally lift up to 20 pounds. *Id*. However, she needed a ten to fifteen allowance each hour to stand and walk. *Id*.

In his decision, the ALJ acknowledged Allison's findings, but in the end, gave greatest weight to Dr. Troxclair's findings. (Tr. 195). He rejected Allison's proposed limitation which required her to stand and walk for a time every hour on the basis of Thomas's inconsistent performance and evident malingering as set forth in Allison's report. *Id*.[7] Plaintiff contends that the ALJ misrepresented or misunderstood Allison's report. She argues, in essence, that the ALJ's rationale for rejecting Allison's limitations is not supported by the record. However, physical therapists, like chiropractors, are not "acceptable medical sources" under the regulations. 20 C.F.R. § 404.1513(d) & 416.913(d). Moreover, only "acceptable medical sources" can provide "medical opinions" to show the severity of a claimant's impairment and how it affects her functional ability. 20 C.F.R. § 1527(a)(2) & 416.927(a)(2). Although the ALJ is required to consider evidence from "other sources" when evaluating an "acceptable medical

---

[7] The Appeals Council restated the ALJ's rationale for discounting Allison's findings in its decision denying review. (Tr. 178-180).

source's" opinion, "the fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source' because, . . . 'acceptable medical sources' 'are the most qualified health care professionals.'" SSR 06-03p.[8] Of course, that is precisely what the ALJ did in this case. He gave greatest weight to the medical opinion of the most qualified health care professional, Dr. Troxclair, whose findings, in turn, provided substantial evidence for the ALJ's residual functional capacity assessment.[9]

For the foregoing reasons, the undersigned finds that the Commissioner's decision is

---

[8] *See also, Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991) (recognizing that the regulations accord less weight to other sources such as chiropractors than to medical doctors).
 In another recent decision, plaintiff sought reversal, in part, because of a functional capacity evaluation completed by physical therapist, Steve Allison, wherein he found that she needed to take a 20 minute break from sitting each hour. *White v. Astrue*, 2009 WL 278898 (W.D. La. Feb. 5, 2009). In rejecting plaintiff's basis for reversal, Magistrate Judge Hornsby observed that "[t]he ALJ found the medical source reports persuasive, and the presence of the therapist's report is not enough to deprive the agency decision from being based on credible evidentiary choices." *Id*.

[9] Plaintiff suggests that Dr. Troxclair's finding that plaintiff could sit for a full work day is not necessarily incompatible with Allison's finding that she needs to stand and walk every hour. However, the medical source statement completed by Troxclair included a box if the physician believed that the claimant needed to periodically alternate sitting and standing. (Tr. 300). Troxclair left the box unchecked, and instead indicated that Thomas's ability to sit was not affected by her impairment. *Id*.
 The court observes that Troxclair's medical source statement included some limitations more restrictive than those contained in the ALJ's residual functional capacity assessment. (Tr. 300-301). For example, he limited some postural activities to occasional and indicated that Thomas could only frequently reach, handle, finger, and feel. *Id*. Any error was harmless, however. *See, Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (discussing harmless error). The ALJ posed an additional hypothetical to the vocational expert which incorporated these additional limitations, but the expert opined that they did not preclude the claimant's ability to perform her past relevant work as an analyst. (Tr. 362-363). In fact, even the need for a sit/stand option would not preclude her past relevant work. (Tr. 365).

8

supported by substantial evidence and remains free of legal error.[10]  Accordingly,

The Commissioner's decision is **AFFIRMED**, and the matter **DISMISSED** with prejudice.

THUS DONE AND SIGNED at Monroe, Louisiana, this 5th day of March, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[10] Plaintiff does not allege any errors with the remaining steps of the sequential evaluation process.